UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1-21-cr-609-APM |
| JEREMY BROWN, | Hon. Judge Amit P. Mehta |
| Defendant. | |

**DEFENDANT'S EMERGENCY MOTION TO REMAIN IN CITRUS COUNTY JAIL PENDING TRIAL AND MEMORANDUM OF LAW**

JEREMY BROWN, by and through undersigned counsel, respectfully requests that this Honorable Court order the United States Marshal's Service to keep him confined in the Citrus County, Florida, jail pending trial.

**Background Facts**

    A.  **The Brown Misdemeanor Information**

Mr. Brown is charged with two federal misdemeanors, Entering and Remaining in a Restricted Building in violation of 18 U.S.C. 1752(a)(1) (Count One) and Disorderly and Disruptive Conduct in a Restricted Building in violation of 18 U.S.C. 1752(a)(2) (Count Two). *See U.S. v. Brown,* 21-Cr-609, Dkt. 6, Information. The charges arise from his alleged presence in a restricted area outside the United States Capitol on January 6, 2020-there is no evidence that Mr. Brown entered the building.

Mr. Brown's case in the District of Colombia has been stayed pending the resolution of a federal criminal case in the Middle District of Florida.[1] Mr. Brown was found guilty of Possession of an Unregistered Shotgun Having a Barrell Less than 18 Inches in violation of 26 U.S.C. 5861(d) and 5871(Count One); Possession of an Unregistered Rifle Having a Barrel Less than 16 Inches in violation

---

[1] The undersigned counsel did not represent Mr. Brown in this case and were only retained for the two misdemeanors charges in the District of Columbia.

of 26 U.S.C. 26 U.S.C. 5861(d) and 5871(Count Two); Possession of Unregistered Explosive Grenades violation of 26 U.S.C. 26 U.S.C. 5861(d) and 5871(Counts Three and Four); Improper Storage of Explosive Material in violation of 18 U.S.C. 842(j) and 844(b)(Count Five) and Willful Retention of a National Defense Document in violation of 18 U.S.C. 793(e)(Count Six). *See U.S. v. Brown*, 21-Cr-348, Dkt. 305 (M.D.Fla.). Mr. Brown's was sentenced to 87 months on April 7, 2023, before Judge Susan C. Bucklew.

### B. Government's Discovery Productions

The government has provided a substantial amount of evidence in this case that includes electronic communications, surveillance video, social media posts, texts, chats, e-mails, cell phone data, photographs, and witness testimony. The undersigned plans to either meet with prosecutors in Washington, D.C. or via remote video to navigate to the evidence that is relevant to Mr. Brown's charges.

### C. Mr. Brown's Pre-trial Confinement

After he was convicted in the Middle District of Florida, Mr. Brown remained in the Pinellas County, Florida, jail until he was recently transferred to the Citrus County, Florida, jail on or about April 14, 2023. The Citrus County, Florida, jail is approximately seventy-nine (79) miles from Orlando where Mr. Brown's lawyers' offices are located. Mr. Brown has been designated for transfer and could be moved to a jail in the D.C. area any day now.[2]

### ARGUMENT AND MEMORANDUM OF LAW

**I. Title 18 U.S.C. Section 3142(i)(3) Authorizes the Court Keep Mr. Brown in the Citrus County, Florida, Jail**

Section 3142(i), *Contents of Detention Order*, gives federal judges the authority to commit pre-trial inmates to the custody of the Attorney General pending trial. It also provides that the pre-trial inmate be afforded "reasonable opportunities for private consultation with counsel." The case that best demonstrates the availability of a legal remedy under this section is *Falcon v. U.S. Bureau of Prisons*, 52

---

[2] The undersigned attorney, Dan Eckhart, just learned of this information today and believed it justified the "emergency" classification for this motion.

2

F.3d 137 (7th Cir. 1995). Augusto "Willy" Falcon and Sal Magluta a.ka. "The Cocaine Cowboys" allegedly ran Miami's largest cocaine smuggling and distribution organization in the 1980's. *See* https://www.esquire.com/entertainment/tv/a37210585/cocaine-cowboys-netflix-willie-falcon-sal-malguta-now-true-story/. Due to security concerns the United States Marshal's Service and Bureau of Prisons had concerning his escape, Falcon was confined to the United States Penitentiary (USP) in Marion, Illinois.[3] At the time, there was no precedent for confining a pre-trial inmate in a maximum security penitentiary and his lawyers filed a writ of habeas corpus under Section 2244 claiming among that his conditions at Marion were punishment and violated his Sixth Amendment right to effective assistance of counsel. *Falcon*, 138. The Court ruled he did not state a claim for relief under Section 2255, or *Bivens*, because he was seeking injunctive relief. However, the Court did state:

> "More fundamentally, however, Falcon has a judicial remedy that he has not pursued. Judge Moreno, who is presiding over Falcon's drug case pending in the Southern District of Florida retains jurisdiction over all pretrial, trial and post-trial aspects of that case. In particular, in this case, we may presume that Judge Moreno acted in accordance with 18 U.S.C. Sec. 3142(i) in ordering pretrial detention for Falcon. Pursuant to Sec. 3142(i)(3), that order must direct the BOP to provide Falcon with "reasonable opportunity for private consultation with counsel." Moreover, Judge Moreno has discretionary authority under Sec. 3142(i)(3) to order Falcon into the custody of a United States Marshal if he determines that such action is necessary for preparation of his defense. Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, Judge Moreno has the statutory authority to protect Falcon's access to counsel."
> *Falcon*, 139.

As this Honorable Court appreciated duirng the last Status Conference, Mr. Brown's has more opportunity to meet and confer with defense counsel if he were to remain confined to Central Florida before trial. The simple proximity of Orlando to the Citrus County Jail versus D.C. speaks for itself. While not a complex case, a number of novel legal issues exists and there is voluminous discovery which is most effectively discussed in-person rather than on jail telephone or remote conferencing. The undersigned would submit that while we can't point to any specific prejudice now, if Mr. Brown were

---

[3] The undersigned was involved in the case when he was an Assistant Regional Counsel for the Federal Bureau of Prisons in 1995.

transferred to a jail in the D.C. area it's likely the effectiveness of our legal representation could be impaired.

## CONCLUSION

For the reasons stated above, Mr. Brown respectfully requests that the Court exercise its authority under Title 18 U.S.C. Section 3142(i)(3) and order the United States Marshals Service/Attorney General to house Mr. Brown in the Citrus County, Florida, jail until trial.

Dated: April 20, 2023

Orlando, Florida

Respectfully submitted,

By:  /s/ *Dan Eckhart*            /s/ *David Bigney*
     DAN ECKHART, Esq.             DAVID BIGNEY, Esq.
     FL Bar No. 488674             FL Bar No: 132454
     200 E. Robinson St., Ste. 1150   215 East Livingston Street
     Orlando, FL. 32801            Orlando, Florida, 32801
     dan@daneckhartlaw.com         dbigney@bigneylaw.com
     (407) 276-0500                (407) 425-6068

### CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties listed on the Electronic Case Filing (ECF) System.

By:  /s/ *Dan Eckhart*            /s/ *David Bigney*
     DAN ECKHART                   DAVID BIGNEY

4