# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 21-cr-609 (APM) |
| **JEREMY BROWN,** | ) ) ) | |
| **Defendant.** | ) ) | |

## PRETRIAL ORDER

Trial is set to commence in this matter on **January 22, 2023**, at 9:30 a.m., in **Courtroom 10**. The following deadlines shall govern pretrial proceedings:

1. Defendants shall file any motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)–(D) on or before **November 13, 2023**; oppositions shall be filed on or before **November 27, 2023**; and replies shall be filed on or before **December 4, 2023**.

2. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **December 4, 2023**; any reciprocal expert disclosure by Defendants shall be made by **December 18, 2023**.

3. The United States shall identify the evidence it will seek to introduce under Federal Rule of Evidence 404(b) on or before **December 11, 2023**.

4. Except as otherwise noted in this Pretrial Order, motions in limine shall be filed on or before **December 18, 2023**; oppositions shall be filed on or before **December 29, 2023**; and replies shall be filed on or before **January 8, 2024**. If the United States wishes to file a motion in limine with respect to any defense expert, it may

      do so by filing a motion by **December 28, 2023;** any opposition to such motion shall be filed by **January 8, 2024.**

5.   Defendants shall satisfy their reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **December 4, 2023**.  The court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **December 11, 2023**; any opposition to such motion shall be filed by **December 18, 2023**.

6.   The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **January 8, 2024**.  Any *Brady* material not already disclosed also must be disclosed by this date.

7.   On or before **January 8, 2024**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>.  The parties shall include a neutral statement of the case for the court to read to seated jurors at the start of preliminary instructions.

    b. <u>Proposed or modified voir dire questions</u>.  Attached as Appendix A is a list of the court's standard voir dire questions, with questions added that are relevant to this case.  The parties shall state (1) any objections to the standard voir dire questions; (2) any modifications to the standard voir dire questions; and (3) any additional proposed questions.  If a party objects to a proposed modification or additional question, then that party shall state the grounds for the objection.

c. <u>Proposed jury instructions</u>.  The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions.  The parties need not submit the full text of any standard jury instruction, but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include.  As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

d. <u>List of witnesses</u>.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief.  Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

e. <u>Exhibit lists</u>.  The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief.  The parties need not list any exhibit that might be used for purposes of impeachment.  The parties should confer with Courtroom Deputy Jean Claude Douyon about the format of the exhibit list.  The parties *should not* provide a copy of the exhibits to the court, but must exchange pre-marked exhibits.  The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.  The objecting party shall

      bring three copies of any contested exhibit to the Pretrial Conference.

   f. <u>Stipulations</u>.   The parties shall submit a draft of all stipulations.

   g. <u>Proposed verdict form</u>.   The parties shall include a draft verdict form, including any special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

8. In addition to filing the Joint Pretrial Statement on **January 8, 2024**, the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to the Courtroom Deputy Jean Claude Douyon at Jean-Claude_Douyon@dcd.uscourts.gov.

9. Counsel shall appear on **December 13, 2023**, at 8:30 a.m., in Courtroom 10 for a hearing on Rule 12 pretrial motions, if necessary.

10. Counsel shall appear on **January 16, 2023**, at 2:00 p.m., in Courtroom 10 for a Pretrial Conference.

Date:  **September 15, 2023**

                                                    Amit P. Mehta
                                                    United States District Court Judge