IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  Case No.:  1:21-cr-00609-APM-1

v.

JEREMY BROWN.

_____/

**DEFENDANT'S REPLY TO 'GOVERNMENT'S OPPOSITION TO DEFENDANT JEREMY BROWN'S MOTION FOR A BILL OF PARTICULARS'**

COMES NOW Jeremy Brown, via undersigned counsel, and replies to Government's Opposition to Defendant's Motion for a Bil of Particulars.  The appropriateness of a bill of particulars is within the Court's sound discretion and reviewed for an abuse of discretion.  This is a preliminary Reply and defense reserves the right to amend this Reply.

As to Government's 'Brief Factual Background' said factual background has no bearing regarding particulars as to 18 U.S.C. § 1752(a)(1) entering and remaining in a restricted building or grounds, and 18 U.S.C. § 1752(a)(2) disorderly and disruptive conduct in a restricted building or grounds pursuant to the Information filed on October 1st, 2021 (ECF #6).  Defense seeks a Bill of Particulars from Government so that Defendant can understand the charges against him under Section 1752(a)(1) and 1752 (a)(2) and prepare a defense.  *United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987).

As to Section 1752(a)(1) 'knowingly enters or remains in any restricted building or grounds without lawful authority to do so' and 1752 (a)(2) 'knowingly, and with intent to impede or disrupt the orderly conduct of Government business of official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions' defense seeks particulars as it relates to the elements of the crimes as charged.  *United States v. Butler*,

822 F.2d 1191 (D.C. Cir. 1987).

The Government's opposition seems to be a conduit in attempting to prejudice Defendant wherein many of said alleged facts, which are now public record, are not factual nor are they relevant as to 18 U.S.C. § 1752(a)(1) and § 1752(a)(2). The Government has not charged Defendant with any sort of conspiracy, seditious or otherwise. The Government's brief factual background is chock full of 1st Amendment protected speech from Jeremy Brown on January 6th, 2021 such as "We're not here to start any problems man. We're just here to redress our grievances".

The elements of 18 U.S.C. § 1752 (a)(1) entering and remaining in a restricted building or grounds reads as follows: '(a) Whoever-(1) knowingly enters or remains in any restricted building or grounds without lawful authority to do' so is negated by the permits that were issued prior to January 6th, 2021. Jeremy Brown never entered the Capitol building. Brown was lawfully permitted and authorized to be on the grounds, hence defense seeks a bill of particulars as it relates to 18 U.S.C. § 1752(a)(1) as charged via information (ECF #6)

Government has provided a video wherein Defendant, on January 6th, 2021 at all times complies and in fact moves back when law enforcement used its stick in a horizontal stating to the group standing around 'move back' of which defendant did, non-compliance is not seen in any discovery to date, nor is any disorderly or disruptive conduct seen reference Jeremy Brown's conduct on January 6th, 2021.

Also void in the discovery provided to date by the Government is any law enforcement officer telling, commanding, or ordering Jeremy Brown to leave. 'Move back' does not equate or rise to the level of a trespass warning, a command to leave the grounds, or non-compliance particularly when defendant did 'move back'. Defense seeks a bill of particulars to avoid surprise at trial and to avoid any prejudice to Defendant.

Unless a bill of particulars is furnished, a Motion to Dismiss the charges against Jeremy Brown for alleged violations of 18 U.S.C. § 1752 (a)(1) and § 1752 (a)(2) as charged, will be filed. Defense

would be remiss without requesting a Bill of Particulars from Government at this time.

Government, in their opposition quote Stewart Rhodes and Kelly Meggs and others ad nauseum, however, said quotes from others have no bearing on defense's request for a bill of particulars when it comes to the alleged §1752 violations. Government also alleges that Brown traveled with other Oath Keepers to D.C., Brown traveled individually. Brown participated with some security detail on January 6th, 2021 and was never inside the Capitol building. Government asserts that 'Kelly Meggs informed another Florida Oath Keeper, Caleb Berry, that Brown possessed explosives in his Recreational Vehicle ("RV") referencing an 'authorized search warrant'.

A Motion to Suppress and Amended Motion to Suppress filed in Middle District of Florida Case No.: 8:21-cr-348-SCB-SPF-1 was denied without hearing and is presently on appeal at the United States Court of Appeals for the Eleventh Circuit, Case Number 23-11146. Government asserts in its opposition that the 'authorized search warrant' was in fact valid, defense in that matter asserts the 'explosives' were planted as DNA evidence suggests. Res judicata should not apply in this D.C. case as to the validity of the search warrant if the denial of the suppression motion is reversed on appeal.

The search warrant was issued out of the District of Columbia and stay of trial in this D.C. case may be in order even if defense files another suppression on different grounds by January 16th, 2024. (Defense requested at the last status hearing that a Rule 12 suppression motion filing deadline be set for the end of January as Government's Appellee brief in the United States Court of Appeals for the Eleventh Circuit, Case Number 23-11146 on the denial of the motion to suppress is due January 16th, 2024. After the status hearing the Court then set a January 16th, 2024 deadline on any defense suppression motion in this D.C. case).

Government argues defense is using a bill of particulars as a request for discovery that has already been satisfied. This argument is flawed as defense seeks to prepare a defense as to 18 U.S.C. §1752(a)(1) and §1752 (a)(2) that is relevant to the charges filed via information (ECF #6). Government cites to *United States v. Han*, 280 F. Supp. 3d 144 (D.D.C. 2017) 'a bill of particulars is

meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case.' citing to *United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987). Unlike *United States v. Han,* wherein Han was indicted with first degree felonies along with other counts of wire fraud, the Information filed against Jeremy Brown are two misdemeanors. Government, in its opposition, seems to be attempting to connect their own dots as to some sort of conspiracy. Conspiracy is not charged in the misdemeanor information.

Defense seeks a bill of particulars in order to understand the actual charges against him and prepare a defense as to 18 U.S.C. § 1752(a)(1) and § 1752(a)(2), to avoid surprise and to avoid prejudice to Defendant. Sufficient facts are simply not alleged via Information (ECF #6) or discovery to apprise and allow Defendant to prepare his defense and to avoid surprise and prejudice at trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply to Government's Opposition has been furnished via Electronic Filing to Louis Manzo, AUSA, and Kathryn Rakoczy, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 21st day of December, 2023.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 168180
US FL MD, US FL SD, AND US DC
Email: attorneymariar@aol.com