IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,	Case No.: 1:21-cr-00609-APM-1

v.

JEREMY BROWN.

_____/

## MOTION TO STAY PROCEEDINGS (TEMPORARY)

**COMES NOW Jeremy Brown**, via undersigned counsel, and files this Motion to Stay Proceedings (Temporary) Pending Resolution of Appeal and potential United States Supreme Court granting of a Petition for Writ of Certiorari on 18 U.S.C. § 1752(b) challenges and requests this Honorable Court stay proceedings and as grounds states as follows:

## FACTS

1. On October 21, 2021, Brown was charged with a two-count misdemeanor Information for alleged violations of 18 U.S.C. §§ 1752(a)(1) and (2). (ECF #6).

2. Trial is scheduled in this matter for September 4, 2024.

3. All briefs have been submitted in the Eleventh Circuit Court of Appeals, Case No. 23-11146-HH arising out of the Middle District of Florida, Case No.: 8:21-CR-348-T-SCB-SPF.

4. On April 17, 2023, Mr. Brown was sentenced to 87 months of incarceration, and an appeal was taken.

5. One of the issues on appeal at the Eleventh Circuit Court of Appeals is the summary denial of an Amended Motion to Suppress entered by Judge Susan Bucklew in the Middle District of Florida case.

6. The evidence sought to be suppressed and excluded in this District of Columbia two-count misdemeanor trespass case is all evidence obtained via the Search Warrant and communications as a result of his subsequent detention.

[1]

7. Said evidence includes Mr. Brown's telephone wherein the Government intends to use text messages and group exchange messages obtained from the cell phone. (See Government's 404(b) Notice – ECF #50).

8. Said evidence includes weapons of which, again, the Government intends to use at trial in this two-count trespassing matter pursuant to Government's 404(b) Notice – ECF #50.

9. The September 29, 2021, Arrest Warrant was issued by Magistrate Meriweather and the Search Warrant (at issue in this suppression) was issued by Magistrate Faruqui on the same day.

10. Defense, in the attached proposed Motion to Suppress, asserts same issues reference the Search Warrant which are presently up on Appeal, decision pending, in the Eleventh Circuit Court of Appeals. Said identical issues include, importantly,

    a. If the Court had jurisdiction to enter the Search Warrant pursuant to Rule 41(b)(3) "domestic terrorism investigation" along with its definition pursuant to 18 U.S.C. § 2331(5)(b) (Definition of "Domestic Terrorism");

    b. Was the Search Warrant stale having been executed 267 days after January 6, 2021;

    c. The Search Warrant lacked particularity;

    d. Is a Franks hearing required?

## ARGUMENT

11. The court must stay further proceedings as the suppression issues being presented in this case and presently on Appeal at the Eleventh Circuit would disallow Government from using any evidence obtained via the Search Warrant in this two-count trespassing case.

12. The appellate Court may deem the search warrant invalid as Rule 41(b)(3) did not apply and failed to establish probable cause.

13. The appellate Court may also find that the search warrant's Affiant's omissions and

misleading of the District of Columbia Magistrate in entering the search warrant calls for the warrant's invalidation and potentially charges being dismissed.

14. There exists no finality as of yet being there's an appeal on same suppression issues arising from the same Search Warrant at the Eleventh Circuit.

15. This Court cannot render a ruling on the suppression issues raised in this case of which some issues are identical to the issues up at the Eleventh Circuit Court of Appeals. The Eleventh Circuit is the superior Court best suited to determine the same issues raised.

16. In cases of dual jurisdiction once a Defendant is found guilty in one federal jurisdiction, he cannot be found guilty in another federal jurisdiction (same sovereign) for the same conduct. *Puerto Rico v. Sanchez*, 579 U.S. 59 (2016).

17. However, the offenses among the two jurisdictions are different, the District of Columbia misdemeanors alleging 18 U.S.C. §§ 1752(a)(1) and (2) violations were brought forth upon a simple Information (ECF# 6) while Florida's Middle District case was brought forth upon Grand Jury Indictment post-search.

18. If the Eleventh Circuit reverses and remands and/or vacates due to the District of Columbia not having jurisdiction under Rule 41(b)(3), then the search warrant was invalid and all evidence obtained should have been suppressed.

19. If the Eleventh Circuit affirms the denial of the amended motion to suppress on jurisdictional grounds, whatever may be left reference new suppression issues here and request for a *Franks* hearing (such as Agent Hill's violations and omissions of material fact to Magistrate Faruqui, which now include new claims of omitting NTOC information) can then be addressed. NTOC concluded on December 18, 2020, and on January 13, 2021, that their investigation showed that Mr. Brown is not a "National Security" threat. This omission of material fact does rise to the level of fraud upon the Court via Hill's Affidavit.

[3]

(See attached proposed suppression motion).

20. Defense asserts the fraud upon the Court via Special Agent in Charge Hill's Affidavit was not committed by an officer of the Court as is the definition's norm, rather the fraud upon the Court was committed by the Executive branch of Government. This claim would be decided via a *Franks* hearing on this new NTOC omission issue if the Eleventh Circuit affirms. *Franks v. Delaware*, 438 U.S. 154 (1978).

21. This Honorable Court must issue a temporary stay of proceedings to avoid an improper ruling while the higher Court at the Eleventh Circuit Court of Appeals presently makes its decision concerning the same Search Warrant suppression issues.

***

22. A stay of proceedings is also sound as 18 U.S.C. §1752(a)(2) has reached the United States Supreme Court on an April 4, 2024. Petition for a Writ of Certiorari arising from *United States v. Alford*, 89 F.4th 943 (D.C. Cir. 2024) (appeal from a denial of a judgment of acquittal at trial) affirming Alford's convictions and sentence.

23. Petitioner Alford's Reply to Brief in Opposition asserts that 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D), as interpreted by the D.C. Circuit Court of Appeals, means "a person's mere physical presence can be disorderly or disruptive even though it is inherently neither. And the 'disorderly or disruptive' adjectives are meaningless surplusage because virtually all, if not all, conduct can qualify."

24. District of Columbia circuit Judges have experienced a recent Supreme Court ruling in *Fischer v. United States*, 603 U.S. _____ (2024) (Dckt. No: 23-5572) wherein Fischer's 18 U.S.C. § 1512(c) sentence was vacated and remanded directing the lower Court to vacate a Defendant's conviction if there is no showing of § 1512 acts relating specifically to documents. This is the majority of § 1512 January 6, 2021, convictions.

[4]

25. Should the Government and certain District of Columbia Judges not have rushed defendants to plea, or go to trial, or denied motion(s) to continue sentencing on § 1512 charges while the United States Supreme Court decision was pending after oral argument in *Fischer* in April of 2024? The answer is yes, because to have done so was a waste of the Court's valuable resources as is apparent now.

26. Meaning, this Court should stay proceedings on these two § 1752 misdemeanors.

27. Mr. Brown was not only very peaceful at the Capitol grounds, his actions were rational and protective of others. Here, as in *Alford,* if a judgment of acquittal is denied at trial it would be necessarily due to the Court's statutory interpretation of § 1752(a)(2) of which the Supreme Court has before it on Petition for Writ of Certiorari. The next procedural step is for the Court to determine if they are going to grant the Writ or not. *United States v. Alford*, 89 F.4th 943 (D.C. Cir. 2024).

28. With an appellate decision around the corner out of the Eleventh Circuit Court of Appeals (Search Warrant obtained in the District of Columbia with January 6, 2021, allegations), and § 1752(a)(2) on Petition for Writ of Certiorari at the United States Supreme Court, a stay is warranted.

29. Brown is presently serving his 87-month sentence arising out of the Middle District of Florida and a stay in these proceedings will not cause Mr. Brown any prejudice. Nor will a stay cause any prejudice to the Government on this two-count misdemeanor case.

30. This Motion for a temporary stay of proceedings on two separate grounds is requested in good faith and not for purpose of frustration or delay.

WHEREFORE, Defendant respectfully requests this Honorable Court grant this Motion for Stay of Proceedings (Temporary), and enter its Order accordingly.

[5]

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Stay of Proceedings (Temporary) has been furnished via Electronic Filing to Rebekah Lederer, AUSA, Eli Ross, AUSA, and Kathryn Racowzsky, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 22nd day of July, 2024.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel:  (727) 238-2342
Fla. Bar No.:  168180
US FL MD, US FL SD, AND US DC
Email:  attorneymariar@aol.com