UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-609 (APM) |
| v. : | |
| : | |
| JEREMY BROWN, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant's "Motion To Stay Proceedings (Temporary)." (ECF 61). The defendant, Jeremy Brown, requests the Court stay proceedings pending resolution of appeal and potential writ of *certiori* to the United States Supreme Court on a separate matter before the Eleventh Circuit Court of Appeals. The existence of an appeal in another case does not merit a stay in the case pending before this Court. Therefore, this Court should retain the September 4, 2024, trial date.

**ARGUMENT**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in

1

being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Whether viewed as a motion to stay or a motion for a lengthy continuance, the Court should deny the defendant's motion because the relevant factors weigh against his request. First, an appeal of a decision by a court in the Middle District of Florida concerning the denial of a suppression motion does not establish the defendant's likelihood of success on such a challenge. Even if the defendant is successful on appeal, any ruling by the Eleventh Circuit will not be binding on this Court. This Court can and will independently review any suppression motion filed by the defendant in this case.

Similarly, the defendant is not irreparably injured absent a stay. The evidence derived from the search underlying his appeal before the Eleventh Circuit constitutes *de minimus* items the government may present in conjunction with other evidence probative of the defendant's guilt. If the defendant objects to the admission of the specific items uncovered during the search of the defendant's home on September 30, 2021, the appropriate remedy to challenge such a decision is a post-conviction appeal. The appropriate remedy is not waiting for a non-controlling appeals court to issue potential persuasive authority for this Court to consider in a subsequent suppression motion.

In this vein, as part of the motion for a stay, the defendant references a "proposed Motion to Suppress" and provides a draft suppression motion as an exhibit that proffers the defendant's suppression arguments presently on appeal before the Eleventh Circuit. However, as previously alluded to, the resolution of the subject appeal is unnecessary for this case to proceed. Irrespective of the Eleventh Circuit's ruling, the defendant can file a motion to suppress evidence before this Court. This District's Magistrate Judge Zia M. Farqui has opined – and rejected – many of the

issues articulated in the defendant's draft motion to suppress.[1] If the defendant chooses to file the "proposed suppression motion" before this court – which he may do at present – the government will file a response brief substantially paralleling the contours of Judge Faruqui's decision. The Court can consider those arguments, issue a ruling, and the defendant can appeal any adverse decision by the Court as part of a post-conviction appeal, if necessary. Nothing involving the defendant's appeal in the Eleventh Circuit proscribes this sequence of litigation.

Yet, despite well-established procedure and structure of Article III Courts, the defendant offers an erroneous representation that, "This Court cannot render a ruling on the suppression issues raised in the case" until the Eleventh Circuit issues a ruling because the Eleventh Circuit Court of Appeals is a "superior Court best suited to determine the issues raised." Aside from potential persuasive authority for this Court to consider, an opinion by the Eleventh Circuit has no bearing on the ability of this case to proceed. *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 2024 U.S. LEXIS 2885, at 36 ("If neither this Court nor the relevant court of appeals has weighed in, a court may be able to look to other circuits for persuasive authority.") Therefore, a stay of proceedings is not unnecessary.

Finally, potential harm to the government and the public interest both weigh heavily against a stay. As the Supreme Court has recognized, and the D.C. Circuit emphasized, "in criminal cases" the "'encouragement of delay is fatal to the vindication of the criminal law.'" *Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) (quoting *United States v. MacDonald*, 435 U.S. 850, 852 (1978)). Additionally, "[t]he government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect

---

[1] *In the Matter of the Search of One Apple iPhone Smartphone that is Currently Being Carried on the person of Jeremy Brown, Under Rule 41*, 21-sw-00253 (D.D.C September 6, 2022) (Faruqui, M.J.) (https://www.dcd.uscourts.gov/sites/dcd/files/21sw253.pdf)

those events clearly at trial." *González-Valencia*, 2022 WL 3978185, at *7. Thus, the "[p]ublic interest . . . favors speedy trials[.]" *Id.* These proceeding have already endured significant delay. The government charged the defendant by information on October 1, 2021. On September 17, 2023, this Court initially set trial for January 22, 2024. (ECF 39). The Court subsequently vacated the trial date (Minute Entry, November 6, 2023) and rescheduled trial for March 4, 2024. (ECF 42). On January 23, 2024, the Court granted the defendant's motion to continue trial (Minute Order, January 23, 2024). The Court subsequently rescheduled trial for September 4, 2024. The defendant's stay request would inject more unnecessary delay into an already elongated case extending nearly three years.

The public and the government have a right to a prompt resolution of this case with respect to the charges in the Information. Therefore, the Court should deny the defendant's Motion to Stay Proceedings, and the Court should proceed with trial on September 4, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:       */s/ Eli Ross*
Eli Ross
Assistant United States Attorney
Bar No. IL 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Tel No. (202) 297-1515
Eli.Ross@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia

                                                601 D St. N.W  
                                                Washington, DC 20530  
                                                Tel. No. (202) 252-7012  
                                                rebekah.lederer@usdoj.gov