Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 1 of 20
Case 8:21-cr-00348-SCB-SPF   Document 192   Filed 11/05/21   Page 57 of 57   PageID 2354
USCA11 Case: 23-11445   Document: 34   Date Filed: 01/17/2024   Page: 66 of 125

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

**EXHIBIT 1**

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A RESIDENCE LOCATED AT ▮▮▮▮▮▮▮▮▮▮ A RECREATIONAL VEHICLE (▮▮▮▮▮▮▮▮▮▮) PARKED AT ▮▮▮▮▮▮▮▮▮▮ A BLACK TRAILER ▮▮▮▮▮▮▮▮▮▮ AND A CELL PHONE CURRENTLY BEING USED BY JEREMY BROWN UNDER RULE 41

US V. BROWN
21-CR-609 EX B 1

Case No. 21-sw-315

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

located in the ____Middle____ District of ____Florida____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371 (conspiracy); 231(a)(2) (transport of firearms or explosives for use in civil disorder); 844(a)(2) (transportation of explosives) and 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds). | |

The application is based on these facts:

See attached Affidavit (incorporated by reference).

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.*

*Applicant's signature*

Katie Hill, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 09/29/2021

City and state: Washington, D.C.

Zia M. Faruqui
2021.09.29 19:35:42 -04'00'
*Judge's signature*

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

DISC-01023

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 2 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/18/22   Page 2 of 57 PageID 2355
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 67 of 125

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means           ☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of            )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*     )   Case No. 21-sw-315
A RESIDENCE LOCATED AT ███████████, A )
RECREATIONAL VEHICLE ███████████ PARKED AT )
███████████, A BLACK TRAILER ███████████ )
███████████, AND )
A CELL PHONE CURRENTLY BEING USED BY JEREMY BROWN UNDER
RULE 41

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Middle     District of     Florida
*(identify the person or describe the property to be searched and give its location):*
See Attachment A (incorporated by reference)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated by reference)

**YOU ARE COMMANDED** to execute this warrant on or before     October 13, 2021     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Zia M. Faruqui, U.S. Magistrate Judge    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  09/29/2021                          _____[signature]_____     Zia M. Faruqui 2021.09.29 19:36:09 -04'00'
                                                                                        *Judge's signature*

City and state:        Washington, D.C.                        Zia M. Faruqui, U.S. Magistrate Judge
                                                                *Printed name and title*

DISC-01024

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 3 of 20
Case 9:23-cv-80385-AMC   Document 19   Filed 07/21/23   Page 13 of 57   PageID 2356
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 68 of 125

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>21-sw-315 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____                    _____<br>                                                          *Executing officer's signature*<br><br>                                                          _____<br>                                                          *Printed name and title* |

DISC-01025

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 4 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/11/22   Page 14 of 17 PageID 2357
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 69 of 125

## ATTACHEMENT A

### PREMISES TO BE SEARCHED

The property and curtilage to be searched is ▓▓▓▓▓▓▓▓▓▓ located in the Middle District of Florida, further described as a single-story residence located at the corner of ▓▓▓▓▓▓▓▓▓▓. The residence is a ▓▓▓▓▓▓▓▓▓▓. Next to the front door ▓▓▓ is affixed to the mailbox.

### Photograph



DISC-01026

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 5 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/21/25   Page 57 of 57
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 70 of 125

## Map



41

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 6 of 20
Case 6:21-cr-00348-CEM-LHP   Document 19   Filed 07/16/21   Page 16 of 52 PageID 2359
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 71 of 125

## ATTACHMENT B

PREMISES TO BE SEARCHED

A recreational vehicle parked at ███████████████████████████ located in the Middle District of Florida, registered to ███████████████████████████
███

## Photograph

[photograph redacted]

DISC-01028

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 7 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/21/22   Page 17 of 57   PageID 2360
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 72 of 125

## Map



43

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 8 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/18/22   Page 18 of 57 PageID 2361
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 73 of 125

## ATTACHMENT C

### PREMISES TO BE SEARCHED

A black trailer parked at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ located in the Middle District of Florida, registered to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

### Photograph

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

DISC-01030

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 9 of 20
Case 8:21-cr-00348-SCB-SPF   Document 19   Filed 07/16/21   Page 19 of 57 PageID 2362
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 74 of 125

## Map



45

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 10 of 20
Case 8:21-cr-00348-SCB-SPF   Document 19   Filed 07/21/21   Page 10 of 17 PageID 2363
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 75 of 125

## ATTACHMENT D

*Property to be searched*

The property to be searched is a cellular phone (the "**TARGET PHONE**") associated with phone number ▮▮▮▮ which is to be seized from the person of Jeremy Brown (born on ▮▮▮▮, vicinity of Jeremy Brown, or locations listed in Attachments A, B, and C within the state of Florida.

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 11 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/16/21   Page 11 of 17   PageID 2364
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 76 of 125

## ATTACHMENT E

*Property to be seized*

1. All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 USC 371 (conspiracy); 18 USC 231(a)(2) (transport of firearms or explosives for use in civil disorder); 18 USC 844(a)(2) (transportation of explosives) and 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds) (the "Subject Offenses") that have been committed by BROWN and/or other identified and unidentified persons, as described in the affidavit submitted in support of this Warrant, including:

   a. Records and information that constitute evidence of use, control, ownership, or occupancy of the PREMISES and things therein;

   b. Evidence of the Subject Offenses, to include clothing, protective/tactical gear worn during the offenses, as described and depicted in the attached affidavit, and firearms, explosives, precursor materials, other weapons and cases to hold or transport weapons or explosives, and instructions or documents showing an intent to obtain, manufacture, or employ weapons or explosives;

   c. records and information concerning:

      i. the identification of BROWN and other persons, including photographs and videos depicting clothing and other articles and paraphernalia that reflect evidence of having been present at or near the U.S. Capitol Building on or around January 6, 2021;

      ii. the identification of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the SUBJECT

DISC-01033

OFFENSES; or (ii) communicated about matters relating to the SUBJECT OFFENSES, including records that help reveal their whereabouts;

iii. the U.S. Capitol Building, including any maps or diagrams of the Building or its internal offices, or presence at, or inside of or on the grounds of, the Building on or around January 6, 2021, including any planning, preparation, or travel;

iv. challenges to or questions about the legitimacy of the 2020 Presidential Election, including awareness of, or any efforts or intent to disrupt, the certification process of the 2020 Presidential Election, or otherwise influence the policy or composition of the United States government by intimidation or coercion;

v. materials, devices, tools, plans, or strategies to enter or assist others in entering the U.S. Capitol Building on or about January 6, 2021, by deceit or by force, including weapons and elements used to breach the building or to counter efforts by law-enforcement, such as pepper spray or smoke grenades;

vi. communication devices, including closed circuit radios, walkie-talkies, or secure or encrypted "apps," related to the directing of others or direct presence at, inside of, or on the grounds of, the U.S. Capitol Building on or around January 6, 2021;

vii. any conspiracy, planning, or preparation to commit the SUBJECT OFFENSES, or efforts to conceal evidence of the SUBJECT OFFENSES

DISC-01034

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 13 of 20
Case 8:23-cr-00346-SCB-SPF   Document 193   Filed 07/15/24   Page 113 of 157   PageID 2366
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 78 of 125

from law enforcement, or to flee prosecution for the SUBJECT OFFENSES;

    viii. the state of mind of BROWN and/or co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation, planning, knowledge, or experience, including but not limited to tactical training or tactical equipment, related to the SUBJECT OFFENSES;

    ix. affiliation or communication with the Oath Keepers, including members thereof.

2. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

    a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

    b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

    d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

    e. evidence of the times the Device(s) was used;

    f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

    g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

    h. records of or information about Internet Protocol addresses used by the Device(s);

    i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

5. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 15 of 20
Case 8:23-cr-00348-SDM-SPF   Document 19   Filed 07/11/21   Page 115 of 157   PageID 2368
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 80 of 125

ROMs, and other magnetic or optical media.

6. The United States government will conduct a search of the property described in Attachment A-D and determine which information is within the scope of the information to be seized specified above. That information that is within the scope of this warrant may be copied and retained by the United States.

7. Law enforcement personnel will then seal any information from the property searched that does not fall within the scope of this warrant and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

8. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

9. During the execution of the search of the PREMISES described in Attachment A-D, law enforcement personnel are also specifically authorized to obtain from BROWN (but not any other individuals present at the PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access

DISC-01037

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 16 of 20
Case 8:20-cr-00348-CEH-SPF   Document 193   Filed 07/21/25   Page 116 of 157   PageID 2369
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 81 of 125

subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned persons' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

    (a)    any of the Device(s) found at the PREMISES,

    (b)    where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

    10.    While attempting to unlock the Device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 17 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/11/22   Page 117 of 157 PageID 2370
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 82 of 125

clear that providing any such information is voluntary and that the person is free to refuse the request.

## PART II – INFORMATION AND DATA TO BE SEIZED FROM THE DEVICES

The following records and information located on the Devices and related to violations of 18 U.S.C. §§ 371 (conspiracy); and 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds); (the "Subject Offenses") that have been committed by BROWN and/or other identified and unidentified persons, including:

 a. The records and information described in Part I, above, in any electronic form;

 b. Evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, "chat," instant messaging logs, photographs, and correspondence;

 c. Evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

 d. Evidence of the lack of such malicious software;

 e. Evidence indicating how, when, and where the Devices were accessed or used to determine the chronological context of device access, use, and events relating to crime under investigation and to the Devices user;

 f. Evidence indicating the Devices user's state of mind as it relates to the crime under investigation;

 g. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

 h. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

 i. Documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 18 of 20
Case 8:21-cr-00348-SCB-SPF   Document 19   Filed 07/21/21   Page 18 of 57   PageID 2371
USCA11 Case: 23-11146    Document: 34    Date Filed: 01/17/2024    Page: 83 of 125

j.      Records of or information about Internet Protocol addresses used by the Devices;

k.      Records of or information about the Devices' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

l.      Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 19 of 20
Case 8:23-cr-00348-SCB-SPF   Document 193   Filed 07/21/25   Page 19 of 57 PageID 2372
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 84 of 125

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



IN THE MATTER OF THE SEARCH OF A RESIDENCE LOCATED AT ▮▮▮ ▮▮▮ A RECREATIONAL VEHICLE ▮▮▮ PARKED AT ▮▮▮ A BLACK TRAILER ▮▮▮ AND A CELL PHONE CURRENTLY BEING USED BY JEREMY BROWN UNDER RULE 41

SW No. 21-sw-315

AFFIDAVIT IN SUPPORT OF
APPLICATIONS FOR A SEARCH WARRANT

Your affiant, Katie Hill, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. Your affiant is a Special Agent with the Federal Bureau of Investigation ("FBI"), and, as such, am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). Your affiant joined the FBI as a Special Agent in August 2009. Your affiant is currently assigned to the FBI's Tampa Division Joint Terrorism Task force ("JTTF"). Your affiant's official duties include, but are not limited to, investigating individuals and groups who have committed violations of federal laws, including federal laws related to threats, international terrorism, and domestic terrorism. As a special agent, your affiant has participated in numerous investigations and have executed both arrest and search warrants. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

DISC-01041

Case 1:21-cr-00609-APM   Document 64-1   Filed 08/01/24   Page 20 of 20
Case 8:21-cr-00348-SCB-SPF   Document 193   Filed 07/11/22   Page 20 of 57   PageID 2373
USCA11 Case: 23-11146   Document: 34   Date Filed: 01/17/2024   Page: 85 of 125

2.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 USC 371 (conspiracy); 18 USC 231(a)(2) (transport of firearms or explosives for use in civil disorder); 18 USC 844(a)(2) (transportation of explosives) and 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds) (the "Subject Offenses") have been committed by JEREMY BROWN and/or other identified and unidentified persons. In addition, there is probable cause to believe that evidence of these crimes will be found within the Middle District of Florida at the following locations (collectively "the **Premises**"):

- The residence (the "**Residence**" further described in Attachment A) that BROWN currently resides in located at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- The recreation vehicle ▇▇▇▇▇▇▇▇▇▇ (the "**RV**" further described in Attachment B) that is parked at ▇▇▇▇▇▇▇▇▇▇▇▇

- A black trailer ▇▇▇▇▇▇▇▇▇▇▇▇ (the "**Trailer**" further described in Attachment C) that is parked at ▇▇▇▇▇▇▇▇▇▇▇

- a cell phone associated with the phone number ▇▇▇▇ (the "**TARGET PHONE**" further described in Attachment D) currently being used by BROWN.

## JURISDICTION

3.  Although the PREMISES are located outside this district, this Court has jurisdiction under Federal Rule 41(b)(3) because this is an investigation of domestic terrorism as that term is defined in Title 18, U.S.C. Section 2331(5)(b):

2

DISC-01042