IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                      Case No.: 1:21-cr-00609-APM-1

v.

JEREMY BROWN.

_____/

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDING

**COMES NOW Jeremy Brown**, via undersigned counsel, and files this Reply to Government's Response to Defendant's Motion to Stay Proceedings and replies as follows:

1. On July 26th, 2024 Government filed their Response (ECF # 63) to Defendant's Motion to Stay Proceedings. (ECF # 61).

2. Government seems to be asserting that they would be substantially injured and so would the public interest citing to *Nken v. Holder*, 556 U.S. 418, 426 (2009 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).   This is an empty argument.

3. The stay sought in *Nken* arose from Nken requesting the Circuit Court issue an injunction staying Defendant's removal to Cameroon while his petition for review of a Board of Immigration's order, which denied Nken's motion to reopen removal proceedings, was pending.  *Id*.  These facts are not on point jurisdictionally or otherwise to the facts of the case before the Court.

4. Here Brown has not been convicted of his two trespassing charges in the District of Columbia.  Brown is requesting a temporary stay of proceedings as the denial of Brown's suppression Motion on appeal at the 11th Circuit Court of Appeals is pending decision (Case No. 23-11146-HH) and the suppression issues in this case arise from the same Search Warrant issued out of the District of Columbia on September 29th, 2021.

5. The Search Warrant used in both the Middle District of Florida and the District of Columbia

was issued by Judge Faruqui on September 29th, 2021 (arising from Brown being in D.C. on January 6th, 2021) in the District of Columbia.

6. Government recently provided defense Trial Exhibits and potential Trial Exhibits containing more than a *de minimus* amount of items arising from the Search Warrant used in the Middle District trial, to state otherwise is not correct.

7. Defendant does have a likelihood of prevailing on appeal at the 11th Circuit. Constitutional Supreme Court cases have been cited in the appellate brief as authority, and if vacated and/or remanded, the 11th Circuit Court of Appeals decision would control in this case as the same Search Warrant was used and Government intends to use Search Warrant evidence in this two-count D.C. trespassing case at trial.

8. Government states in their argument 'Even if the defendant is successful on appeal, any ruling by the Eleventh Circuit will not be binding on this Court'. If the 11th Circuit finds that the U.S. Constitution and Supreme Court prior decisions prohibited the issuance of the Search Warrant, how could the 11th Circuit Court of Appeals decision not be binding on this Court based on the same Search Warrant issued out of the District of Columbia?

9. This is an exceptionally unusual case in that there exists dual jurisdiction/sovereign of which once a Defendant is found guilty in one jurisdiction/sovereign, Defendant cannot then be prosecuted in the other jurisdiction arising from the same incident (ie, January 6th, 2021). *Puerto Rico v. Sanchez*, 579 U.S. 59 (2016). However, the charges are different, but the Search Warrant is not and neither is the evidence sought to be introduced by Government.

10. Brown can immediately file a separate request for a *Franks* hearing, and if granted, defense would then have Special Agent(s) Hill and Brown deposed then present in order to conduct a more than necessary *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978).

11. Government cites to *Corner Post, Inc. v. Bd. Of Governors of the Fed. Rsrv. Sys.*, 2024 U.S. LEXIS 2885, at 36 in making their argument that a stay is not necessary ("If neither this

Court nor the relevant court of appeals has weighed in, a court may be able to look to other circuits for persuasive authority"). The Government's argument is misplaced as it pertains to this D.C. case. None of the cases the Government cites have to do with a dual jurisdiction/sovereign issue using the same Search Warrant in two of their jurisdictions arising out of the same date of offense. *Corner Post* is an administrative law matter and does not deal with the constitutional issues brought forth in Brown's suppression motion here and in the Middle District.

12. Lastly, Government asserts potential harm to them and the public interest weighing heavily against a stay. Government cites to *Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) (quoting United States v. MacDonald, 435 U.S. 850, 852 (1978) wherein "encouragement of delay is fatal to the vindication of the criminal law." *Khadr's* jurisdictional military tribunal issues have no bearing on the facts of this case and the appeal at the 11th Circuit of the denial of the Motion to Suppress out of the Middle District based upon a Search Warrant issued out of the District of Columbia.

13. The Government additionally argues "the government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial". Citing to *Gonzalez-Valencia*, 2022 WL 3978185 at *7 "the public interest favors speedy trial".

14. Speedy trial has been previously waived, it is unknown what witnesses, if any, Government intends to call at Trial, and public interest has waned to say the least.

15. Government has made a reaching argument as to any harm to them if a temporary stay is granted being that the Application for Search Warrant sought in the District of Columbia was stale, omitted material facts, and nine months had transpired from January 6th, 2021 to September 29th, 2021 when the Search Warrant Affidavit was submitted to the District of Columbia magistrate.

16. This Court should temporarily stay proceedings pending the 11th Circuit Court of Appeals decision as the appeal has a strong likelihood to prevail in Defendant's favor, Defendant will be irreparably harmed if a short stay is not granted, and any short delay will not injure the Government or the public interest in the case. The real delay in this matter was the Application for a Search Warrant delay of nine months.

17. Government made its decision to take the Middle District case to trial first and cannot now claim it will be injured if a temporary stay is granted, particularly in the midst of the 11th Circuit making a decision on the denial of a suppression motion based upon Judge Faruqui's DC Search Warrant.

18. This Honorable Court should stay proceedings temporarily, grant a *Franks* hearing, and allow Defense to take the deposition(s) of both Agent Hill and Agent Lindsay reference their material omissions on the Search Warrant Application. *Franks v. Delaware*, 438 U.S. 154 (1978).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply to Government's Response to Defense Motion for Stay of Proceedings has been furnished via Electronic Filing to Rebekah Lederer, AUSA, Eli Ross, AUSA, and Kathryn Racowzsky, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 5th day of August, 2024.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 168180
US FL MD, US FL SD, AND US DC
Email: attorneymariar@aol.com