IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,   Case No.: 1:21-cr-00609-APM-1

v.

JEREMY BROWN.
_____/

### EMERGENCY MOTION TO CONDUCT BENCH TRIAL VIA ZOOM AND ORDER DEFENDANT REMAIN AT CITRUS CORRECTIONAL IN FLORIDA

**COMES NOW Jeremy Brown**, via undersigned counsel, and files this Emergency Motion to Conduct Bench Trial Via Zoom and Order Defendant Remain at Citrus Correctional in Florida pursuant to Federal Rule of Criminal Procedure 43(b)(2) and asserts as follows:

1. Trial readiness is set for August 29th, 2024, on this two-count misdemeanor trespass case.

2. Trial is set to commence September 4th, 2024.

3. Government filed their Notice to exclude all Search Warrant evidence, digital and otherwise, on August 7th, 2024, after a Status conference held before Judge Mehta on August 6th, 2024.

4. Pursuant to Federal Rule of Criminal Procedure 43(b)(2) on August 7th, 2024, defense counsel reached out to Government via email after receiving Government's Notice in attempts to obtain Government's consent to proceed with a bench trial via tele-conference (as Government's evidence would be limited) having attached Defendant's written Consent and Waiver.   (Ex. 1 – Consent and Waiver).

5. As exigent and extenuating circumstances, trial in this matter was continued on March 15, 2024, due to defense counsel's heart condition wherein she is required to carry nitroglycerin in her purse in the event of an emergency.   (See Motion and Sealed Exhibit ECF # 51 and 52).

6. Government, of course, is aware of these exigent circumstances, however, still refused to

[1]

consent to proceed with a non-jury bench trial via video conference pursuant to Rule 43(b)(2) on this two-count misdemeanor trespass case.

7. Defense requests Jeremy Brown be ordered to remain in Citrus Correctional and not be transported for two weeks immediately before trial as that would be in violation of the Sixth Amendment of the United States Constitution denying him his right to counsel and to prepare for trial with his counsel.

8. We can all agree the Sixth Amendment guarantees the right to trial and the right to counsel. Why would the Government, when defense has given good faith and sound reasons to conduct a minimal evidence video trial without a jury - conserving the Court's resources, not to mention enormous expenditures for Defendant and counsel both having to travel to DC, refuse to allow a video bench trial on a two-count misdemeanor trespass case?

9. Why is Government insisting on wasting taxpayer dollars to take two weeks to transport Jeremy Brown to the jail in the District of Columbia while denying he and his lawyer all communications?  Disallowing any fruitful preparation for trial.  Knowing his defense counsel is in Florida, has health issues that could avoid being aggravated, etc., with a simple video bench trial on this two-count misdemeanor case?  Government's lack of consent is trite, lacking reasonableness.

10. Government, not consenting to a video bench trial is more than questionable considering the good faith reasons requested and put forth by defense counsel on August 7th, 2024, via email to the Government.

WHEREFORE, Jeremy Brown requests the Court allow trial readiness on August 29th, 2024, a non-jury bench trial on September 4th, 2024, and any potential future sentencing hearing be held via video conference pursuant to rule 43(b)(2), order Jeremy Brown remain at Citrus Correctional,

[2]

and enter its Order accordingly.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Emergency Motion has been furnished via Electronic Filing to Rebekah Lederer, AUSA, Eli Ross, AUSA, and Kathryn Racowzsky, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 8th day of August, 2024.

/S/ Maria T. Rodriguez

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel:  (727) 238-2342
Fla. Bar No.:  168180
US FL MD, US FL SD, AND US DC
Email:  attorneymariar@aol.com