**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-609 (APM)** |
| **v.** | : | |
| | : | |
| **JEREMY BROWN,** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
CONDUCT TRAIL VIA ZOOM AND ORDER DEFENDANT REMAIN AT CIRTUS
CORRECTIONAL IN FLORIDA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests the Court deny the defendant's motion to conduct a bench trial through video teleconference (VTC) pursuant to Federal Rule of Criminal Procedure 43(b)(2).

Overwhelmingly, trials occur in open court. The advisory committee note to the 2011 amendment for Fed. Rule of Crim Pro. Rule 43 discusses the importance of in-person proceedings:

> "The Committee recognized the intangible benefits and impact of requiring a defendant to appear before a federal judicial officer in a federal courtroom, and what is lost when virtual presence is substituted for actual presence. These concerns are particularly heightened when a defendant is not present for the determination of guilt and sentencing." Fed Rules Crim Pro. Rule 43.

In a similar, persuasive, vein, the advisory committee's notes to the 1996 amendment of Fed. Rule of Civ. Pro. 43 provides additional support for the importance of live proceedings:

> "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."

This proposition is equally important in the criminal context. While Fed. Rule Crim. Pro Rule 43(b)(2) carves an exception for misdemeanor offenses where the court, in its discretion, may permit trial by VTC, the Fed. Rule of Crim Pro. Rule 43 committee notes contemplate when the

use of video teleconferencing may be most appropriate. It includes situations where the defendant is unable to attend the proceedings, authorizing the defendant to appear in absentia. *Id.* This, as discussed *infra,* is not the case before this Court.

Accordingly, Courts generally disfavor trial by VTC given the challenges associated with video transmission, the impact on witness testimony, the impact on cross-examination, observing the demeanor of remotely appearing witnesses, and the inefficiencies of admitting documents and exhibits. *See Thornton v. Snyder*, 428 F.3d 690, 692 ("Clearly, a jury trial conducted by videoconference is not the same as a trial where the witnesses testify in the same room as the jury. Videoconference proceedings have their shortcomings. [V]irtual reality is rarely a substitute for actual presence and . . . even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it. The immediacy of a living person is lost with video technology. . . . [I]t is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing."). Therefore, "remote transmission of testimony is to be the exception and not the rule." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479 (D. Md. 2010).

The defendant is available for trial. He is currently incarcerated in Florida and the government has coordinated with the United States Marshall Service (USMS) to ensure the defendant's presence for trial in Washington D.C. The defendant's counsel has known of the trial location and the need to move the defendant throughout the pendency of these proceedings. Therefore, the Court should afford little weight to the defendant's argument regarding the associated challenges and "enormous expenditures for defendant and counsel both having to travel to DC." ECF 67 at 2. *See Meeks v. Parsons*, 2010 U.S. Dist. LEXIS 156610, 2010 WL 11671811, at 1 (E.D. Cal. Feb. 5, 2010) ("The length of time and distance to be traveled by a witness without

more, does not warrant allowing a party to present witness testimony at trial via video conference.")

Nor should the Court give credence to the defendant's argument concerning his ability to prepare for trial. The defendant represents that his movement to the District of Columbia will, "deny he and his lawyer all communication" and disallow "fruitful preparation for trial." ECF 67 at 2. Yet, the government has made multiple requests to the USMS to transport the defendant to Washington D.C. at the latest available date to ensure his presence at the pre-trial conference. The USMS has heeded the government's request to date and indicated they will manifest the defendant for movement in the coming weeks according to operational constraints.

In the meantime, the defendant and his counsel regularly meet at the Citrus County Detention Facility, often on a bi-weekly basis. While the defendant's movement to D.C. will disrupt his ability to meet with his attorney in-person for a short duration, the defendant's attorney has known about this movement for some time and had ample opportunity to prepare for any contingencies. Further, the defendant will have sufficient opportunity to meet and confer with his counsel in Washington D.C. The government is willing to assist the defendant's counsel coordinate any preparation sessions to alleviate any due process concerns.

Additionally, in pursuit of his request for trial by VTC, the defendant attempts to minimize the extent of the government case by characterizing this case as a "minimal evidence trial" or a "simple…two count misdemeanor case." ECF 67 at 3. This Court is aware of the abundant evidence associated with the actions of the defendant and his fellow Oath Keeper co-conspirators on January 6, 2021. The government has taken, and will continue to take, measures to streamline the evidence as it relates to this case. *See* ECF 66. However, the government intends to present a case that appropriately contextualizes the defendant's trespassory conduct as a member of the Oath Keepers organization on January 6, 2021. Therefore, the defendant's efforts to portray this case as

"simple," hoping to cabin it within a category of straightforward misdemeanor trespass cases appropriate for trials by VTC, is misleading and unpersuasive.

Lastly, while the government is sympathetic to the defense counsel's health concerns, they do not provide adequate justification considering the policy implications discussed *supra* to proceed via VTC on the eve of trial. The Court can fashion appropriate accommodations during trial proceedings that oblige the defense counsel's needs, and the government will be as helpful and forthcoming as possible to that end.

Therefore, the Court should deny the defendant's request to proceed with trial via VTC and order the defendant to remain at the Citrus Correctional Facility.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:          */s/ Eli Ross*
Eli Ross
Assistant United States Attorney
Bar No. IL 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Tel No. (202) 297-1515
Eli.Ross@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W
Washington, DC 20530
Tel. No. (202) 252-7012
rebekah.lederer@usdoj.gov