IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  Case No.: 1:21-cr-00609-APM-1

v.

JEREMY BROWN

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONDUCT TRIAL VIA ZOOM AND ORDER DEFENDANT REMAIN AT CITRUS CORRECTIONAL IN FLORIDA AND GOVERNMENT'S CLARIFICATION OF ECF NO. 68

**COMES NOW Jeremy Brown**, via undersigned counsel, and files Defendant's Reply to Government's Response to Defendant's Motion to Conduct Trial Via Zoom and Order Defendant Remain at Citrus Correctional in Florida and Government's Clarification of ECF No. 68 and replies to both of Government's filings as follows:

1. On March 31st, 2023 this Court entered its Minute Order denying Government's joinder motion (ECF # 32) in their attempts to join Jeremy Brown as a co-conspirator in the Oath Keeper charges as the misdemeanor trespass counts did not consist of Brown engaging in sufficient Oath Keeper activity on January 6th, 2021.

2. On April 21st, 2023 this Court entered its Minute Order that Brown remain in Citrus County, Florida pending Trial. Brown was also ordered to remain in Citrus County, Florida after Government attempted to transport Brown to DC on three separate occasions over the last year, when trial was set, and when trial was not set.

***

3. Government's Response (ECF # 68, P. 1, Par. 2) states 'Overwhelmingly, trials occur in open court. The advisory committee note to the 2011 amendment for Fed. Rule of Crim. Pro. Rule 43 discusses the importance of in-person proceedings.'

[1]

4. The Committee does not refer to misdemeanors as they carved out a clear exception for misdemeanors under Rule 43(b)(2), without any doubt to its meaning or interpretation. A Defendant can elect to appear via video for all stages of proceedings including trial under Rule 43(b)(2). The Committee carved out the allowance of video trials on misdemeanors while addressing judicial economy reference offenses punishable by 1 year or less of incarceration.

5. The Committee determined said misdemeanors do not warrant the in-person presence of Defendant rather Defendant can elect Rule 43(b)(2) and have the trial conducted via video of which Brown has done and expressly consented to (ECF # 67) while addressing judicial economy.

6. Government also relies on Fed. Rule of Civ. Pro. 43 in its Response attempting to segway to some overbroad importance of Defendant being present in the Courtroom, however, particularly in civil matters, since Covid in 2020 most civil trials across the Nation are conducted via zoom.

7. The Government's reliance on antiquated civil cases from 2010 in their Response (ECF # 68) *Thornton v. Snyder*, 428 F.3d 690, 692 and *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479 (D. Md. 2010) fail to address rule 43(b)(2) reference misdemeanors. Since Lopez in 2010 there have been great advancements, technological and otherwise, particularly due to the Covid pandemic 10 years later in 2020. Government's cited civil cases should not be considered as persuasive to the Court. Courts and Officers of the Court now readily and efficiently sharescreen to admit exhibits already digitally provided to the Court prior to Trial. Civil will not go back to in-person hearings or trials due to the changes brought upon by the covid pandemic and technological advancements since 2020.

8. Moreover, Brown has expressly waived his right to a jury trial, therefore, the only factfinder

would be the Court reference a witness's or defendant's credibility, demeanor or expression on the stand, there would be no jury laypersons with a bench trial.

9. Is Government attempting to argue that the Judge would need the Defendant in court for misdemeanor offenses to evaluate his facial expressions/demeanor and the facial expression/demeanor of witnesses who appear via video to testify?  That is non-sensical. Video hearings today illuminate the face of one testifying to the point the Court could actually see a witness sweat and/or smirk close up on the screen.  This type of video trial did not exist back in 2010 or 2011.

10. Government assumes Brown will take the stand to testify, however, Government cannot make that assumption at this time.  And, even if Brown elected to testify, this Court could certainly evaluate his demeanor, facial expressions and credibility while Brown testifies if he chooses to do so at the time of trial.

11. Rule 43(b)(2) left no wiggle room for interpretation.  A defendant can elect to be present via a video trial for a misdemeanor offense.  Defendant has shown that a video trial and sentencing would be in the interest of judicial economy.   Counsel's health is secondary to Brown's election, nonetheless, Government is more interested in proving something of which defense is left in limbo, and, frankly, Government has failed to indict or charge Brown with anything other than two misdemeanor trespass counts under 18 U.S.C. 1752(a)(1) and (a)(2) in the District of Columbia.

12. This Court granted a continuance of trial due to counsel's health, yet, Government now cannot bring itself to consent to a trial via video?

13. Here Brown has requested a video trial pursuant to Rule 43(b)(2) waiving his right to a jury trial.  Government consents to a bench trial in their Clarification of ECF NO. 68 (ECF # 69), but not to a misdemeanor video trial under Rule 43(b)(2).

[3]

14. Brown has executed and filed a consent along with the Motion to conduct trial via video and order Defendant remain in Citrus Correctional, Florida pursuant to Rule 43(b)(2). (ECF # 67).

15. Government in their Response (ECF 68) admits they've tried many times to move Jeremy Brown since this Court's entry of its Minute Order on April 21st, 2023 and subsequent directives of the Court since counsel has been representing Brown.

16. Government has tried three times knowing there would be no communication or access to discovery, some of which has yet to be provided to defense which is outlined in defense's forthcoming Motion to Compel.

17. If Brown were removed from Citrus Correctional and placed in transit, with a trial date in three weeks, how is counsel supposed to communicate with Brown reference, as one example, witnesses just listed by the Government?  It is impossible and would be in violation of the Sixth Amendment of the United States Constitution.

18. If the Government refuses to consent to a video misdemeanor trial under DC's local rule, while Rule43(b)(2) is an election by Defendant and makes no mention of the need for Government's consent, the local rule is usurping the intent and plain language of Rule 43(b)(2) and that's a problem.  The DC local rule stating Government's consent to a video trial is necessary does not address misdemeanors, is overbroad, and should be stricken and/or amended as it prejudices Defendant, not the intent of Rule 43(b)(2).

19. The Government since September 30th, 2021 has had every opportunity to charge Brown with felonies wherein he could not elect to participate in a video trial under Rule 43(b)(2), but they haven't.

20. Government has bombarded defense counsel with discovery since she appeared just last year after Brown's Middle District trial wherein he was sentenced to 87 months.

Government can bring whatever charges forth they feel appropriate against Brown, however, they have not done so in three (3) years.

21. Brown faces a two-count misdemeanor trespass case of which this Court found was insufficiently related to the Oath Keepers cases and denied Government's joinder on March 31st, 2023.  Government, even as recent as the status conference on the Stay motion on August 6th, 2024, again stated that fresh prosecutors were on the case and if they see seditious or any other crime they could charge it.   After three years and a multitude of different AUSA's on this misdemeanor trespass case?

22. Government filed their Notice of not using any Search Warrant evidence digital or otherwise at trial (ECF # 66) after defense's Stay motion was denied.  Naturally, these circumstances lend credence to the lack of need of any in-person trial on a misdemeanor bench trial.  Defense limines will address what Government intends to do as stated in their response "However, the government intends to present a case that appropriately contextualizes the defendant's trespassory conduct as a member of the Oath Keepers organization on January 6, 2021."  Why would the Government's position of introducing pictures and screenshots be at all thwarted with a video bench trial?

23. Government continues to be unreasonable in their desire to have Brown transported from Citrus Correctional in Florida (One hour and 15 minutes away from his counsel) wherein he will be in transit for two weeks (first stop is Oklahoma) without the ability to communicate with his attorney at any time 24/7 for two weeks. Why?   The offenses for which a Defendant's presence is required Rule 43(b)(1) however Rule 43(b)(2) carves out an exception for a Defendant to elect a video trial on misdemeanors punishable by one year or less, and Brown has expressly consented to a video trial and waived his right to a jury trial.

24. With the Court as factfinder Government's position of the need for in-person testimony

[5]

wherein there is no jury as factfinder would be a waste of Government and defense resources contrary to judicial economy. Rule 43(b)(2) is intended to preserve resources in the name of judicial economy reference misdemeanors. Although the Rule does not differentiate between a bench or jury trial, Brown has elected a bench trial via video for his misdemeanors and this Court should allow a video bench trial over the Government's objection.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply has been furnished via Electronic Filing to Rebekah Lederer, AUSA, Eli Ross, AUSA, and Kathryn Racowzsky, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 13th day of August, 2024.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 168180
US FL MD, US FL SD, AND US DC
Email: attorneymariar@aol.com

[6]