IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                                  Case No.: 1:21-cr-00609-APM-1

v.

JEREMY BROWN.

_____/

### OBJECTION TO GOVERNMENTS NOTICE OF INTENT TO USE RULE 404(B) EVIDENCE

COMES NOW Jeremy Brown, via undersigned counsel, and objects to Government's Notice of Intent to use Rule 404(b) evidence and submits to the Court that the evidence Government seeks to introduce is not admissible pursuant to Rule 404(b) as follows:

1. Trial is scheduled for September 4th, 2024.

2. Government's Notice seeks to introduce evidence 'outside of the evidence of Brown's conduct on January 6th: 1) statements by Brown and other members and affiliates of the Oath Keepers that reflected an intent to forcibly oppose the results of the election; and 2) evidence that Brown and certain other members and affiliates of the Oath Keepers transported weapons to the Washington, D.C., area for January 6.'

3. Rule 404(b)'s prohibited uses are clear (1) Evidence of any other crime, wrong, or *act* is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.' That is what Government is intending to do in this two-count misdemeanor trespass case, introducing evidence Government believes proves Brown's character and that's why Brown allegedly trespassed. As to statements by Brown to *forcibly* oppose the results of the election, said statements do not exist. Moreover, Brown does not partake in statements made by 'other members and affiliates' and wasn't present in chat groups when many of these male bravado statements were made.

4. As to Government wanting to introduce that Brown and other members transported weapons

to the D.C. area for January 6th fails under 404(b).  No weapons were in the District of Columbia on January 6th, 2021.  As many Americans do when they caravan or travel in groups to vacation and target practice or hunt, a group makes stops and visits, stay in hotels/campgrounds and then a group departs and moves on to their next destination.  Groups oftentimes do this as they transport their weapons legally and safely, not in the cover of night.

5. Brown checked in to a Virginia hotel on January 5th, 2021. The safely kept weapons were not moved until January 7th, 2021 upon departure.  Meaning, the weapons were stored at the hotel at all times on January 6th, 2021.  Nowhere close to the Capitol.  Why would this 'outside evidence' be appropriate under 404(b)?  Again, Government is attempting to introduce evidence that is prohibited under Rule 404(b)(1).  Nowhere close to 'intrinsic evidence' of the offense charged, nor are these acts inextricably intertwined with misdemeanor trespass charges.

6. Brown was permitted and cleared to provide protection at the Capitol on January 6th, 2021.  Brown did exactly that.  Brown did exchange words with James Beeks prior to Beeks entering the Capitol.  Brown did assist an older lady up off the ground with care.  Brown never stepped foot inside the Capitol nor made any attempts to step foot inside the Capitol.

7. The offense charged is trespassing.  Under 1752(a)(2) Government must prove that Brown knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions.'

8. Government has photographs and videos of Brown near the Capitol building.  Whatever knowing disruption or intent of impediment or disruption Government intends to prove, photos and videos exist, and a factfinder can determine if Brown in fact *intended* to trespass at the time of the alleged trespass, be it a jury or a Judge as factfinder.

9. Government's intent to introduce 404(b) evidence, in the alternative, to prove Brown's intent under Rule 404(b)(2) for a trespass charge, is a prohibited use of 404 as delineated under 404(b)(1) and falls short of any evidence that is probative to a trespass other than character.

10. The Government has not charged Brown with seditious conspiracy or any other criminal statutes in D.C. other than two 1752 trespass charges arising from January 6th, 2021.

11. Also, Brown has opted for a video bench trial as opposed to a jury trial and requests this Honorable Court exclude any and all 404(b) evidence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection has been furnished via Electronic Filing to Rebekah Lederer, AUSA, Eli Ross, AUSA, and Kathryn Racowsky, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 18th day of August, 2024.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 168180
US MDFL, US SDFL, AND US DC
attorneymariar@aol.com