UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-609 (APM) |
| v. : | |
| : | |
| JEREMY BROWN, : | |
| : | |
| Defendant : | |

## GOVERNMENT'S BENCH BRIEF RE: EXCEPTIONS TO THE EXCLUSIONARY RULE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this bench brief regarding the admissibility of evidence - currently subject to a motion to suppress appeal before the 11th Circuit Court of Appeals - during rebuttal. In an effort to proceed to trial timely, the government in this matter, has decided not to use the evidence (at subject in Defendant Brown's motion to suppress) in its case in-chief. ECF 66. The government maintains the evidence seized during the search of Defendant Brown's home was obtained legally and there is no reason to believe the evidence should or will be suppressed. However, in the event suppression were to happen, case law is clear that using suppressed or challenged evidence is admissible in certain circumstances. Therefore, the government's decisions to forego further suppression litigation before this Court and not use the search warrant evidence in its case-in-chief does not preclude the government from using such evidence in rebuttal or as impeachment.

Since *Walder v. United States*, 347 U.S. 62 (1954), courts have long recognized an "impeachment exception" to the exclusionary rule. The *Walder* court held "[i]t is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the

Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths." *Id*. at 65. In other words, a defendant, or defense witness, cannot take the stand, perjure themselves, and continue to receive the benefit of the evidence's suppression. Since the *Walder* decision, courts have continuously reiterated the need for the factfinder to have all the appropriate evidence to ensure its truth-seeking function. *Kinard v. United States*, 635 A.2d 1297, 1306 (D.C. 1993) ("Thus, the exception to the rule allows the government to expose any perjury by using the otherwise inadmissible evidence for impeachment purposes.").

Naturally, there are limitations, "[g]enerally speaking, the 'introduction of otherwise inadmissible evidence under shield of this doctrine is permitted only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence.'" *Romero v. United States*, 266 A.3d 217, 225 (D.C. 2022).

Therefore, if the appropriate occasion arises and, after a sufficient argument is made that it is in the interest of justice to permit the government to impeach Defendant Brown (or rebut his testimony) with the evidence seized from his home, such evidence is admissible as impeachment/rebuttal evidence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Eli Ross*
Eli Ross
Assistant United States Attorney
Bar No. IL 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Tel No. (202) 297-1515
Eli.Ross@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W
Washington, DC 20530
Tel. No. (202) 252-7012
rebekah.lederer@usdoj.gov