UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-609 (APM) |
| v. : | |
| : | |
| JEREMY BROWN, : | |
| : | |
| Defendant : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests the Court deny the defendant's motion to continue trial. ECF 79. The defendant's motion is unsurprising and continues a pattern of delay requests in this case. ECF 51, ECF 61. The Court should see this request for what it is: one final, last attempt to evade trial.

The gravamen of the defendant's request relies on representations that over the last 14 days he and his counsel were wholly unable to communicate and, therefore, effectively prepare for trial. According to the defendant's counsel, she was "disallowed communications in preparation for trial" and was "greatly prejudiced by not being able to have any attorney-client communications for the last two weeks with counsel." ECF 79 at 2.

This representation contradicts numerous statements the defendant's counsel made to the government during this timeframe. On August 21, 2024, the defendant's counsel advised the government that she had spoken to her client that day. In other communications between the government and the defendant's counsel since his movement to Washington D.C., the defendant's counsel advised the government that she had spoken to her client and made future arrangements with the confinement facility to speak with her client on various trial related matters.

1

In any event, the defendant's motion fails to address why – with full knowledge of this contingency – she did not take steps in the months preceding the defendant's movement to effectively coordinate witnesses and prepare for trial. On January 23, 2024, the Court granted the defendant's request to delay trial and subsequently set trial for over seven months in the future. The defendant's counsel entered this case over 15 months ago and this interim period from the previous motion to continue (ECF 51) afforded the defendant's counsel ample time to effectively prepare for this case. By all representations, the defendant and his counsel met regularly in anticipation of trial while he was incarcerated in Florida. They reviewed discovery, thoroughly discussed this case, and prepared for the scheduled trial date.

It is an unrealistic request to continue this case for 14 days on the eve of trial when considering scheduling challenges, conflicts by the parties, and the range logistics associated with trial presentation. The public and the government have a right to a prompt resolution of this case with respect to the charges in the Information. ECF 1. The government filed a complaint in this case nearly three years ago and it is time for this case to go forward. Therefore, the Court should deny the defendant's Motion to Continue, and the Court should proceed with trial on September 4, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Eli Ross*
Eli Ross
Assistant United States Attorney
Bar No. IL 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Tel No. (202) 297-1515

3

Eli.Ross@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W
Washington, DC 20530
Tel. No. (202) 252-7012
rebekah.lederer@usdoj.gov