IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,               Case No.:  1:21-cr-00609-APM-1

v.

JEREMY BROWN.
_____/

## MOTION TO WITHDRAW

COMES NOW undersigned counsel, and files this Motion to Withdraw pursuant to the Rules of Professional Conduct 1.16(a), District of Columbia Rules of Professional Conduct 1.16(a) and Local Rules of the United States District Court for the District of Columbia 44.5 and as grounds for counsel's withdrawal states as follows:

1. Trial is scheduled in this matter for September 9th, 2024 after a short continuance was granted on defense's Emergency Motion to Continue.  The continuance of the September 4th trial date was granted to September 9th, 2024 due to counsel's sudden illness.

2. Counsel did go to the DC jail on Friday, September 6th, 2024 albeit ill (against recommendations) for a short visit with client to drop off transcript  and attempted to get permission from the jail to drop off a hard-drive for Brown and have the jail furnish Brown a laptop for trial prep as counsel was ill and remaining at the jail, sick, was not possible or reasonable.

3. It was agreed early on between counsel and client that all materials would be reviewed by Brown.

4. On September 6th, 2024, the guards at the jail became upset again with counsel and informed sick counsel that this having to look thru every page brought to an inmate at mag is 'hard on us' as it took the guards a substantial amount of time at mag to go thru every freshly printed, unstapled page, one by one.

5. Meaning, trial preparation at the DC jail is extremely difficult and overly time-consuming, if

counsel brings print-outs of thousands of pages or if counsel's presence is necessary for client to review thousands of pages on one laptop.  Nobody at the jail was available on Friday afternoon reference leaving the hard drive at the jail for Brown.  Counsel did leave the Major an urgent telephonic message on the matter nonetheless.

6. During counsel's jail visit on September 6th, 2024 counsel was extremely ill, and Brown discharged client for all intent and purpose.

7. Pursuant to Rule 1.16(a) there exist two grounds on which counsel must withdraw.  First, Rule 1.16(a)(2) when a lawyer's physical condition materially impairs the lawyer's ability to represent the client.  This is true in this case.  (See Supplement filed under Seal).  Second, Rule 1.16(a)(3) requires the lawyer to withdraw when discharged.   Both these grounds are present and counsel must withdraw.   Counsel is a private attorney and not court appointed.  Defendant will be prejudiced if counsel cannot withdraw.  Government has its witnesses and Government may be somewhat prejudiced, however, the greater prejudice would be to Defendant if counsel cannot withdraw.

8. LCrR44.5(d) states that withdrawal of counsel must be by written motion served upon defendant.  The Rule states 'The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interests of justice'.

9. The Local Rule does not delineate whether mandatory or permissive grounds for withdrawal would be considered nor delineates reference private or appointed counsel if the Court denies a motion to withdraw.

10. Counsel asserts she must withdraw from any further representation pursuant to Rule 1.16(a) and other good cause exists pursuant to the District of Columbia Rules of Professional Conduct 1.16.

11. Counsel's condition was aggravated after leaving the facility on Friday, September 6th, 2024

and a separate Supplement to this Motion is filed under Seal.

12. At trial readiness on August 29th, 2024 defense requested Brown be allowed to participate in his defense, as Brown strongly believes he is best suited to conduct cross-examination of witnesses, opening and closing argument in his defense. As counsel is unable to go forward due to her health materially impairing her ability to represent Brown at present, and was unable to remain at the jail for the weekend, the Court should conduct a Faretta inquiry as to Brown's going forward pro se. *Faretta v. California*, 422 U.S. 806 (1975).

13. Brown is intelligent, understands the Rules of Criminal Procedure and would be able to better represent himself at trial than counsel whose health at present and other recent extenuating circumstances disallows her from being effective.

14. On September 8th, 2024 counsel was informed of an unexpected death in the immediate family and must get back to Florida and tend to her health (See Supplement filed under Seal).

WHEREFORE, Defendant respectfully requests this Honorable Court hear this Motion to Withdraw, grant the Motion, and enter its Order accordingly allowing Brown to go forward pro se.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Withdraw has been furnished via Electronic Filing to Defendant Jeremy Brown, Eli Ross, AUSA, and Rebekah Lederer, AUSA, Office of the U.S. Attorney, District of Columbia, and all other parties listed on this 8th day of September, 2024.

*/S/ Maria T. Rodriguez*

Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 168180
US FL MD, US FL SD, AND US DC
Email: attorneymariar@aol.com