UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-609 (APM) |
| v. : | |
| : | |
| JEREMY BROWN, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONTINUE</u>**

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests the Court deny the defendant's motion to continue trial. While government counsel is sympathetic to counsel's health issues, this case has been pending for over three years, and trial has been continued numerous times at the defendant's request. *See* ECF 51, ECF 61, ECF 79, ECF 83, ECF 88, ECF 90 and Minute Entry, September 4 and 9, 2024. Because of both the defendant's and the public's interest in a speedy trial, the government respectfully requests the Court deny the defendant's motion and order trial proceed as scheduled.

    Whether to grant a trial continuance is a question committed to the sound discretion to the trial court. *United States v. Raymond,* 2023 U.S. Dist. LEXIS 173449. In evaluating the need for a continuance, the Court must balance Defendant's constitutional rights with the Government's and the public's "substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Haldeman*, 559 F.2d 31, 83.

    What is a reasonable delay necessarily depends on all the surrounding facts and circumstances. Some of the factors to be considered in the balance include; the length of the requested delay; whether other continuances have been requested and granted; the balanced

convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case. *Id.*

The Court has granted continuances in this case for a litany of reasons, including health issues. Two of these delays occurred on the eve of trial. *See* Minute Entry, September 4 and 9, 2024. The defendant fired his attorney on the morning of trial on September 9, 2024, promoting the Court to reschedule trial for December 17, 2024. In so doing, the Court recognized the burden placed on the government and the Court by such last-minute delays and admonished that, "this trial will proceed on December 17, 2024, absent extraordinary circumstances" or words to that effect.[1]

While the government is sympathetic to the proffered medical issues by the defendant's attorney, the Court has acquiesced to similar requests before. ECF 83. The Court should not consider this request in a vacuum. Rather, the Court must consider the procedural posture of the case and all the various speedy trial interests at play—including that of the public.

---

[1] The government does not have the transcript of the proceedings on September 9, 2024, and the statements above represent the content of the Court's statements although the verbatim language may slightly differ.

The government has already taken substantial preparations to, once again, effectively prepare for trial and present the case. A speedy trial is in the interests of justice and the Court should deny this request.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Eli Ross*
Eli Ross
Assistant United States Attorney
Bar No. IL 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Tel No. (202) 297-1515
Eli.Ross@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W
Washington, DC 20530
Tel. No. (202) 252-7012
rebekah.lederer@usdoj.gov
