UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CASE NO. 1:21-cr-609 (APM) |
| ) | |
| **JEREMY BROWN,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S REPLY TO ECF NO. 92

Comes now the Defendant, JEREMY BROWN, by and through undersigned counsel and pursuant to the local Court Rules respectfully Replies to the government's opposition in its Response at ECF No. 92 to continuing the trial as requested in the Motion at ECF No. 90, and provides the following in support:

### ARGUMENT

The government's Response (ECF No. 92) ignores the details contained in the Motion (ECF No. 90) with a sealed filing with medical restriction and impossibility of the undersigned's presence at the scheduled trial unless she violates medical advice and ignores science. The travel limitation ad related circumstances are not merely "unfortunate" as described by the government. The government showed no impact on its interests outside of impatience to prosecute two misdemeanors.

The Speedy Trial Act (the "Act") generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance, but recognizes that valid reasons for delay exist. The relevant part of the Act for this matter is currently legislated in 18 U.S.C. § 3161(h) "Time Limits and Exclusions." § 3161(h) includes a long, detailed list of periods of delay that are excluded in computing the time within which trial must start. See *Zedner*

*v. United States*, 547 U.S. 489, 497, 126 S. Ct. 1976, 1983 (2006). The "Act" does not mandate balancing of "public interest" as the government infers. "Public interest" is included only for the procedural requirement of explanation when the Court's uses its discretion to continue a trial for the catchall allowance within "the ends of justice."

The government oddly used a distinguishable case, *Halderman*, that is quite distinct from this one. The government even misstated what the *Haldeman* case said. The government tells the Court that *Halderman* said the Court must balance "<u>the government's and public's substantial interest.</u>" ECF 92 at 1. However, *Halderman* did not override § 3161(h) and refer to public interest as a balancing factor for a continuance. It said, "Accordingly, in ruling on motions for continuances trial judges must carefully evaluate and then balance the defendant's need for the continuance against the Government's interest in going forward." *United States v. Haldeman*, 181 U.S. App. D.C. 254 (1976). "Public interest" was not one of the general factors used in the case for court balancing consideration. In a subsequent paragraph in the holding that was related to the U.S. President, "public interest" was mentioned, but only procedurally relative to granting or denying reasons for a continuance during the trial that was in progress, with potential delay to be caused under the auspices of required evidence that required deposition and testimony of President Nixon. The jury would have to have been sequestered for an unknown period. All of that would have disrupted Court scheduling, with dates to proceed with trial unknown. That case was of national interest because of its relation to President Nixon. In contrast, Mr. Brown's case is not of national interest for rapid resolution of his two alleged misdemeanors, and the trial has not started. The minimal continuance requested in his Motion, with proposed start dates, will not cause disruption to any jury or schedule as a continuance in the *Halderman* case would have caused under those factual circumstances.

The government did not clearly explain that § 3161 allows for many specific delays and contains a catchall "ends of justice" reason that is used regularly for the period between case status conferences, ongoing discovery, and other continuances at the Court's discretion.[1] The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion. *United States v. Rice*, 409 U.S. App. D.C. 105, 109 (2014). The U.S. Supreme Court discussed the Act and § 3161 *procedural* requirements for ends of justice continuances:

> This provision permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion--within limits and subject to specific procedures--to accommodate limited delays for case-specific needs.

*Zedner*, 547 U.S. at 498-99, 126 S. Ct. at 1983-84.

*Substantive* factors listed in § 3161(h)(7)(B) are:

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B)(iv)

Without disclosing the matters contained in his sealed filing, Mr. Brown's Motion, to include his sealed filing, met the substantive criteria of § 3161(h)(7)(B)(iv). The government ignored that and asked this Court to proceed with a trial where the undersigned cannot be present. Because Mr. Brown's Motion meets § 3161(h)(7)(B), the Court should grant the continuance.

---

[1] Currently contained in § 3161(h)(7)(A) where at the time of the referenced *Zedner* case, it was in § 3161(h)(8).

The burden for the government, using the standards it stated in its Response, was to show what harm to its interest a continuance would cause. The government gave no argument as to why a trial in early February 2025 versus mid-December 2024 impacts any of its interests. It showed nothing other than perhaps the implied inconvenience of the government and a few witnesses having to change calendar dates after having received notice in advance of the filing the Motion. The government was given notice that the undersigned could not find another attorney to assume the case. The Response did not argue nonavailability during the first two weeks of February 2025, either for the prosecutors or any witnesses. And government USCP, USSS, and FBI witnesses are always testifying and merely require a new trial date. Because the government's Response failed to put forth a legitimate argument or address any valid reason to not grant a continuance under § 3161(h), the Court should grant the Motion.

The government's argument about there having been previous continuances does not address any justifiable cause to deny the Motion that meets § 3161(h)(7)(B) substantive criteria. Having appeared in September 2024, the undersigned was not in the case for previous continuances, and this requested continuance is based on exceptional circumstances. But despite government objection now to previous continuances, review of the record shows that the government concurred with two continuances. See ECF Nos. 40 and 51.

Mr. Brown's incarceration is currently based on a Florida matter under appeal. The time where he was held upon arrest for this case until convicted in another case has yet to be adjudicated but may exceed the prison time ordered for other January 6th defendants for the two misdemeanors as charged here, should he be found guilty. If the government is concerned about public interest, these facts infer that it is in the public interest to dismiss these charges.

Nevertheless, the government makes no valid argument as to why the Court should ignore § 3161(h)(7)(B), science, and medical input. The government's Response effectively supports the continuance as it wrote that this Court said, "this trial will proceed on December 17, 2024, absent extraordinary circumstances." Because the sealed filing presents extraordinary circumstances that are not due to any action of the undersigned to delay the trial, and meet § 3161(h)(7)(B), the Court should grant the Motion for a continuance.

## CONCLUSION

WHEREFORE, Mr. Brown requests that for the ends of justice, for good cause shown and for any reason that the Court sees fit, that the Court grant the Motion at ECF No. 90; and change the December 6, 2024, Pretrial Conference to a remote Zoom status conference to set a trial date in the first two weeks of February 2025, with a new Pretrial Scheduling Order to then be issued.

November 26, 2024                           Respectfully Submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

**Certificate of Service**

I hereby certify on the 26th day of November 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.