UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                       ) | CASE NO. 1:21-cr-609 (APM) |
| ) | |
| **JEREMY BROWN,**                ) | |
| ) | |
| Defendant.                       ) | |

### UNOPPOSED DEFENDANT'S MOTION TO APPEAR BY REMOTE VIDEOTELECONFERENCE

Comes now the Defendant, JEREMY BROWN, by and through undersigned counsel and pursuant to Fed R. Crim. P. Rule 43 and the local Court Rules respectfully moves this Court to amend its Minute Order of November 26, 2024, and allow him to appear by video teleconference rather than appearing in-person in the courtroom on December 2, 2024. The government does not oppose this Motion. Mr. Brown supports his request as follows:

Mr. Brown is incarcerated in the D.C. jail. The Court's Minute Order issued today, November 26, 2024, scheduled a video teleconference (VTC) for December 2, 2024 where the parties, except for Mr. Brown, will attend remotely. The Court required that Mr. Brown be brought in-person to the courtroom. Presumably this is because since his incarceration in the D.C. jail Mr. Brown did not waive his in-person presence, especially when his attorney would be present.

This District's judges continue to schedule VTC proceedings as agreed to by the Court, defendants, and government. Since Mr. Brown's attorney cannot be present in Washington, D.C. on December 2, 2024, he waives his right to physically be in court. Given that for the short VTC conference (the Court's calendar shows a trial at 9:30 a.m. and the undersigned has a sentencing proceeding via VTC attendance starting by 9:30 a.m.) Mr. Brown would be subjected to multiple

searches, chains and shackles in transport, and an all day stay in a bare, cold cell in the courthouse basement with no access to his attorney and nothing to do but stare at the walls and bars, he requests that he like the other participants be allowed to participate by remote VTC. Mr. Brown understands his rights and waives his right to in-court presence for this proceeding.

The government does not oppose and defers to the Court's decision.

Alternately, if the Court will not accept his waiver to attend via remote VTC from the D.C. jail, or the jail will not accommodate the VTC or does not comply with scheduling on December 2, 2024, then under Fed R. Crim P. Rule 43 Mr. Brown waives his attendance at the proceeding on December 2, 2024.

## CONCLUSION

WHEREFORE, Mr. Brown requests that under the Federal Rules of Criminal Procedure Rule 43 and local rules; for good cause shown; and for any reason that the Court sees fit, that the Court amend its November 26, 2024, Minute Order and direct the clerk to schedule Mr. Brown's VTC appearance from the D.C. jail on December 2, 2024 at 9:00 a.m. In the alternative, if the Court will not allow or the jail will not accommodate his presence by remote VTC, the Court should accept Mr. Brown's waiver of appearance under Fed. R. Crim. P. Rule 43 at the proceeding on December 2, 2024.

November 26, 2024      Respectfully Submitted,

              */s/ Carolyn A. Stewart*
              Carolyn A. Stewart, D.D.C. Bar No. FL-0098
              Defense Attorney
              Stewart Country Law PA
              1204 Swilley Rd.
              Plant City, FL 33567
              Tel: (813) 659-5178
              Email: Carolstewart_esq@protonmail.com

**Certificate of Service**

I hereby certify on the 26th day of November 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

              */s/ Carolyn A. Stewart*
              Carolyn A. Stewart, Esq.